IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALTER B. HORNSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-041 |
| | ) | (Formerly CR 110-043) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Walter B. Hornsby has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner has also filed a motion to amend his § 2255 motion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the motion to amend be **DENIED**, (doc. no. 6), the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

   **A.    Indictment and Agreement to Plead Guilty**

On February 3, 2010, the grand jury in the Southern District of Georgia charged Petitioner in a five-count indictment with multiple drug and firearms related charges, including one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). United States v. Hornsby, CR 110-043, doc. no. 1 (S.D. Ga. Feb. 3, 2010) (hereinafter "CR 110-043"). The Court appointed attorney J.

Pete Theodocion under the Criminal Justice Act to represent Petitioner. CR 110-043, doc. no. 13.

Particular to the felon in possession charge, Count Four, the indictment alleged Petitioner had previously "been convicted of certain felony offenses, at least three of which are serious drug offenses, and which were committed on occasions different from one another." Id., doc. no. 1, p. 3. The indictment then listed eight separate cases, including four drug for offenses (two for the sale of cocaine and sale of a substance in lieu of cocaine), two for robberies, one for obstruction of a law enforcement officer and possession of a firearm by a convicted felon, and one for terroristic threats and acts. Id. at 3-4. Because of these prior convictions, Petitioner qualified for an Armed Career Criminal Act ("ACCA") enhancement under 18 U.S.C. § 924(e), which applies when a defendant has at least three prior convictions for a violent felony or serious drug offense. See 18 U.S.C. § 924(e). The statutory minimum penalty for an ACCA conviction is fifteen years imprisonment, id., but without the § 924(e) enhancement, the felon in possession count carried a possible statutory sentence of not more than ten years imprisonment. 18 U.S.C. § 924(a)(2).

On July 7, 2010, Petitioner appeared with counsel and pled guilty to the felon in possession charge in Count Four of the indictment. CR 110-043, doc. nos. 21, 22. In exchange for the guilty plea, the government agreed to (1) dismiss the four other counts in the indictment; (2) not to object to a recommendation for a two-point acceptance of responsibility reduction and to move for an additional one-point reduction under the Sentencing Guidelines; and (3) recommend a term of imprisonment at the low end of the Guidelines range. Id., doc. nos. 21-23. For his part, Petitioner admitted he had possessed

two specific firearms and ammunition after having been previously convicted of the felonies listed in the indictment, at least three of which were serious drug offenses, and he agreed to waive the right to appeal or collaterally attack his conviction in any post-conviction proceeding unless his sentence exceeded the statutory maximum or the sentencing court upwardly departed from the advisory Guidelines range. Id. at 3-4.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category at VI, and Guidelines imprisonment range at 188 to 235 months. PSI ¶ 81. Petitioner was classified as an armed career criminal within the meaning of U.S.S.G. § 4B1.4 because he had been convicted of at least four crimes of violence and at least five controlled substance offenses prior to his conviction under 18 U.S.C. § 924(e) and 922(g). PSI ¶ 22 (citing PSI ¶¶ 26, 26, 29, 30, 31, 37, 41, 42, and 44). The crimes cited in the PSI as the basis for the § 4B1.4 designation included the crimes listed in the indictment and the plea agreement as the prior felony convictions supporting the felon in possession charge to which Petitioner pleaded guilty. CR 110-43, doc. no. 1, pp. 3-4; doc. no. 23, p. 4. Because of the § 4B1.4 designation, the base offense level was thirty-four rather than twenty-four under U.S.S.G. § 2K2.1 as would have otherwise been applied in a felon in possession case. PSI ¶¶ 14, 22. That higher offense level decreased three points to thirty-one based on Petitioner's acceptance of responsibility. PSI ¶¶ 23, 24. Thus, the lowest end of the Guidelines range was eight months higher than the fifteen-year statutory minimum sentence

required under the ACCA, 18 U.S.C. § 924(e). No objections to the PSI were filed. See PSI Add.

At sentencing on September 30, 2010, United States District Judge J. Randal Hall imposed a sentence of imprisonment of 188 months. CR 110-043, doc. nos. 25, 26. Judgment was entered on October 4, 2010. Id., doc. no. 26. Petitioner did not file a direct appeal.

### C. § 2255 Proceedings

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner signed the instant § 2255 motion and supporting memorandum on March 28, 2016, and the Clerk of Court filed it on April 4, 2016. (Doc. no. 1, pp. 1, 13; doc. no. 2, p. 7.) In his original papers, Petitioner raises one ground for relief, asserting that after Johnson, "his prior predicate for Felonious Possession of a Firearm, F.S. § 790.23" can no longer be used to support an ACCA enhancement. (Doc. no. 1, p. 4; doc. no. 2, p. 3). Petitioner does not challenge, indeed never mentions, any of the other offenses outlined

above that were listed in the indictment, the plea agreement, and unobjected-to PSI as bases for applying the ACCA enhancement. Petitioner does not ask to withdraw his guilty plea; he asks only to be resentenced without the § 924(e) enhancement. (Doc. no. 1, p. 13; doc. no. 2, p. 6.)

Respondent contends Petitioner's § 2255 motion should be denied because '[e]ven if [Petitioner's] Florida felonious possession of a firearm conviction is not a qualifying ACCA predicate," any of the remaining robbery, obstruction of officer, and drug convictions identified in the PSI as ACCA predicates suffice to apply the ACCA enhancement. (Doc. no. 33, p. 3 & n.1.)

Upon receiving the response to his original § 2255 motion, Petitioner filed a motion to amend, in which he reiterated his original claim that his "Felonious Possession of a Firearm" conviction from Florida cannot be used as an ACCA predicate offense. (See doc. no. 6.) He also seeks to add a second claim that certain unidentified offenses used as predicates to enhance his sentence should not have been counted because "the Sentencing Commission erred when it determined that certain offenses qualify as predicates even though they are over fifteen years old." (Doc. no. 7, p. 4.) The government opposes the motion to amend on the ground it is untimely. (See doc. no. 8.)

## II. DISCUSSION

### A. Petitioner's Motion to Amend Should Be Denied Because His New Claim Is Untimely and Does Not Relate Back to His Original § 2255 Motion.

The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute,

5

the Rules Governing 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Similarly, Rule 12 of the Rules Governing § 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Furthermore, both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions. See Mayle v. Felix, 545 U.S. 644, 654 (2005) (citing 28 U.S.C. § 2242); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001). Thus, the Court will apply a traditional Rule 15 analysis to Petitioner's motion to amend.

Because Petitioner did not amend as a matter of course under Fed. R. Civ. P. 15(a)(1), he can only amend with leave of court. As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (quoting Foman, 371 U.S. at 182). A motion to amend that seeks to add claims is properly denied as futile when the claims are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (ruling that

futility includes proposed amendments that fail as a matter of law); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). Because the proposed new claim cannot form the basis for relief, the motion to amend should be denied.

### 1. Petitioner's New Claim Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on October 4, 2010, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1).

7

Even though Petitioner's judgment of conviction became final years before he signed his original § 2255 motion on March 28, 2016, Respondent does not contest the timeliness of the original filing because it occurred within one year of the decision in Johnson on June 26, 2015. (Doc. no. 1, pp. 1, 13; doc. no. 2, p. 7; doc. no. 36, p. 3 n.2.) That is, under § 2255(f)(3), Petitioner had one year to file from the date on which the right asserted (as a basis for relief) was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. However, Petitioner did not sign his motion to amend, proposed amendment, and supporting memorandum raising his proposed second claim until June 30, 2016, more than one year after the decision in Johnson was handed down. (Doc. nos. 6, 7.)

Nevertheless, an otherwise untimely request for relief under § 2255 may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail

8

based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely request for § 2255 relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S.-, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not argued, let alone shown, diligence in pursuing his proposed second claim, extraordinary circumstances prevented him from timely filing his second claim, or that a miscarriage of justice will occur if the Court does not consider it. Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted

9

him. Indeed, Petitioner does not claim innocence of his crime of conviction, but rather asks only to be resentenced.

Moreover, as discussed in detail below, the proposed second claim has nothing to do with the Johnson decision. The basis of Petitioner's proposed second claim concerning the authority of the Sentencing Commission, which was created by legislation passed in 1984, was available and could have been presented at sentencing in 2010.[1] As the proposed amendment is untimely, the Court turns to whether the proposed amendment could be considered timely by relation back to the date of filing the original § 2255 motion.

### 2. The New Claim Does Not Relate Back to the Original § 2255 Motion.

Under Federal Rule of Civil Procedure 15(c), an amended claim relates back to the date of the original pleading if it "arose out of the conduct, transaction, or occurrence set out or attempted to be set out -- in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) is narrow; it does not contemplate the addition of "an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (citing Pruitt, 274 F.3d at 1318). Thus, "to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." Id. at 1215 (citing Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)). As the Eleventh Circuit has explained:

> The key consideration is that the amended claim arises from the same conduct and occurrences upon which the original claim was based. This may

---

[1] See Mistretta v. United States, 488 U.S. 361 (1989) (discussing legislative history of creation of Sentencing Commission and affirming constitutionality thereof).

10

> be the case even if one or both claims do not explicitly state supporting facts. When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim.

Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002). In other words, at issue here is whether the proposed amended claim is merely an attempt to expand upon the original claim, or if the amended claim relies upon different facts.

Petitioner's proposed second claim is wholly new, relies on completely different facts, and is entirely unrelated to the Johnson claim in his original § 2255 motion. In the original § 2255 motion, Petitioner argues only that one felon in possession conviction from Florida was improperly counted against him as an ACCA predicate, a claim based entirely on the Supreme Court striking down the residual clause of the ACCA in Johnson.

In the proposed new claim, Petitioner attempts to question the authority of the Sentencing Commission to promulgate the Sentencing Guidelines and seems to suggest that because Johnson invalidated a portion of the ACCA, anything in the Guidelines relating to the formulation of a sentence imposed pursuant to any portion of the ACCA oversteps the Commission's authority. He offers no case law in support of this fallacious theory. In fact, Johnson specifically states it applies only to the residual clause and "does not call into question the application of the ACCA to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. There is nothing in Johnson suggesting it applies to anything about the ACCA other than the residual clause, let alone mentioning the authority of the Sentencing Commission to make rules concerning sentences imposed under the ACCA.

In sum, Petitioner's proposed new claim concerning the authority of the Sentencing Commission to determine how to count prior offenses for the purpose of calculating a Guidelines sentence imposed pursuant to the ACCA is untimely and does not relate back to the only claim raised in the original § 2255 motion. Because the proposed new claim cannot form the basis for relief, the motion to amend should be denied. (Doc. no. 6.)

### B. Petitioner's <u>Johnson</u> Claim Has No Merit.

Petitioner asserts he is entitled to be resentenced because after <u>Johnson</u> "his prior predicate for Felonious Possession of a Firearm, F.S. § 790.23" can no longer be used to support an ACCA enhancement. (Doc. no. 1, p. 4; doc. no. 2, p. 3). As explained above, in <u>Johnson</u>, the Supreme Court ruled the residual clause of the ACCA was unconstitutionally vague. Notably, however, <u>Johnson</u> did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony, let alone make any mention of "serious drug offenses," all of which may still be used to impose ACCA enhancements. <u>Johnson</u>, 135 S. Ct. at 2563. Petitioner does not challenge, indeed never mentions, any of the other offenses outlined above that were listed in the indictment, the plea agreement, and unobjected-to PSI as predicates for supporting the ACCA enhancement.

The ACCA enhancement at issue in this case applies to a defendant such as Petitioner who possesses firearms illegally as a prohibited person when that defendant also has at least three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). After <u>Johnson</u> invalidated the residual clause of the ACCA, an enhancement may still be validly applied based on an offense falling within the "elements clause" of the ACCA, which

12

defines a qualifying predicate "violent felony" as any crime that "has an element the use, attempted use, or threatened use of physical force against the person of another. . . ." Id. § 924(e)(2)(B). The ACCA also continues to validly define a violent felony as burglary, arson, extortion, or those involving the use of explosives. Id. Likewise, post-Johnson, a serious drug offense continues to mean, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum terms of imprisonment of ten years or more is prescribed by law." Id. § 924(e)(2(A).

Despite Respondent's apparent acquiescence to Petitioner's faulty recitation of his criminal history, (doc. no. 33, p. 3 & n.1), Petitioner's request for relief falters out of the gate because there was no "prior predicate for Felonious Possession of a Firearm, F.S. § 790.23" used to enhance Petitioner's sentence. A review of the criminal history in the PSI shows multiple convictions out of Florida, including, *inter alia*, multiple counts of robbery and selling drugs, but no felon in possession conviction. PSI ¶¶ 26, 28, 29, 30, 37. The only felon in possession charge listed in the criminal history was one such conviction out of Georgia in 1997. PSI ¶ 41. However, even if the Court assumes the parties meant to reference this Georgia felon in possession charge, Petitioner is still not entitled to relief.

As succinctly summarized by Respondent, "Even if Hornsby's Florida [sic] felonious possession of a firearm conviction is not a qualifying ACCA predicate, his robbery, obstruction, and drug convictions remain ACCA predicates, even after Johnson, and alone are well more than the three predicates necessary for an ACCA-enhanced sentence." (Doc. no. 33, p. 3.) Petitioner does not challenge that assertion. His response to Respondent's

argument was an untimely motion to amend which mentioned nothing about the continuing viability of any specific predicate other than a felon in possession conviction. (See doc. nos. 6, 7.)

A review of the PSI confirms *at least* three valid predicate offenses based on Petitioner's multiple convictions for selling drugs, robbery, and obstruction by striking an officer in the face, chest and ribs causing visible injuries, all of which fall outside the invalid residual clause but within the still-valid enumerated or elements-defined violent felony or serious drug offense categories in the ACCA. See United States v. Dixon, 598 F. App'x, 704, 706 (11th Cir. 2015) (Georgia felony drug conviction qualifies as a serious drug offense); United States v. Warren, 632 F. App'x 973, 973-74 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 1392 (2016) (Florida felony drug conviction qualifies as a serious drug offense); In re Hires, 825 F.3d 1297, 1301-02 (11th Cir. 2016) (Florida robbery conviction counts as a violent felony without reliance on residual clause); United States v. Brown, 805 F.3d 1325, 1327 (11th Cir. 2015) (Georgia felony obstruction conviction categorically a violent felony under ACCA elements clause). As Petitioner has never challenged these other predicate offenses or claimed they were based on the residual clause, there is no merit to the contention that removal of one felon in possession conviction invalidates the ACCA enhancement. See United States v. Tinker, 618 F. App'x 635, 637 (11th Cir. 2015) (affirming ACCA enhancement where defendant alleged misapplication of mandatory minimum sentence but did not dispute three predicate convictions constituted violent felonies under non-residual clause provisions of ACCA). Therefore, Petitioner is not entitled to be resentenced without the ACCA enhancement.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion to amend be **DENIED**, (doc. no. 6), the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 7th day of February, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA